UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph A. Dickson |
| | : | |
| v. | : | Magistrate No. 14-6595 (JAD) |
| | : | |
| JOHN DOE | : | |

<u>NOTICE OF MOTION</u>

TO:  Hon. Joseph A. Dickson
United States Magistrate Judge
United States District Court
Martin Luther King, Jr.
   Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

PLEASE TAKE NOTICE that the United States, by Paul J. Fishman, United

States Attorney for the District of New Jersey (L. Judson Welle, Assistant United

States Attorney, appearing) will move before the Honorable Joseph A. Dickson,

United States Magistrate Judge for the District of New Jersey, on Tuesday, May

27, 2014, for the following relief:

1.      Closing the courtroom during a future hearing; and

2.      Sealing portions of the corresponding docket.

Respectfully submitted,

PAUL J. FISHMAN
UNITED STATES ATTORNEY

/s/ L. Judson Welle

By: L. JUDSON WELLE
Assistant United States Attorney



**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*L. Judson Welle*                                            *970 Broad Street, Suite 700*                    *(973) 645-2735*
*Assistant United States Attorney*                          *Newark, New Jersey 07102*                 *Fax: (973) 645-3988*

**REDACTED BRIEF —
TO BE FILED PUBLICLY**

May 22, 2014

Honorable Joseph A. Dickson
United States District Judge
Martin Luther King, Jr. Federal
 Building and Courthouse
50 Walnut Street
Newark, New Jersey 07102

     Re:   United States v.        Mag. No. 14-6595 (JAD)

Dear Judge Dickson:

     The defendant in the above-captioned sealed criminal case (hereinafter referred to by the fictitious name, "John Doe") is expected to make an initial appearance before this Court on or about May 28, 2014. Please accept this letter brief in lieu of a more formal brief in support of the Government's motion seeking to have the Court: (a) close the courtroom during proceedings under Fed. R. Crim. P. Rule 5; (b) seal portions of the corresponding docket; and (c) file this document under seal. For the reasons set forth below, the Government respectfully submits that the Court should grant the motion.

BACKGROUND

     On May 12, 2014, this Court issued an arrest warrant and signed a Criminal Complaint charging the defendant Doe with

On May 15, 2014, Special Agents of the
arrested defendant Doe at

near

On May 16, 2014, defendant Doe was brought before United States
Magistrate Judge in                      In a closed proceeding, the
defendant waived an identity hearing and consented to detention pending his
transfer to the District of New Jersey. The United States Marshals Service
estimates that the defendant will make his initial appearance before this Court
on May 28, 2014.

LEGAL ANALYSIS

The Supreme Court has regularly recognized that the press and public
have a qualified right of access to various proceedings in criminal cases. *See
Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980) (finding that lower
court's restriction on public access was improper because it failed to: (a)
recognize First Amendment right of public and press to attend criminal trials;
(b) make proper findings supporting closure of courtroom; and (c) consider
alternatives to closure); *Press-Enterprise v. Superior Court of California*, 464
U.S. 501 (1984) (addressing partial closure of voir dire proceeding in criminal
case, and finding that lower court was required to make findings concerning
overriding interest supporting closure and consideration of alternatives prior to
closing courtroom). However, the right of access is not unconditional. Certain
situations, such as the present matter, may present facts that support both
closure of the courtroom and sealing portions of the docket.

Before a District Court may close the proceedings, it must provide
adequate notice to the public and an opportunity to be heard. *United States v.
Criden*, 675 F.2d 550, 554 (3d Cir. 1982). *See also United States v. Antar*, 38
F.3d 1348 (3d Cir. 1994) (finding that court sealed transcripts of jury voir dire
prematurely because it did not provide advance notice, conduct hearing, and
make factual findings on the record); *United States v. Raffoul*, 826 F.2d 218 (3d
Cir. 1987) (extending *Criden* requirements to closure motions made concerning
criminal trials).

The District Court may order closure if it finds that notwithstanding the
public's interest in openness of federal judicial proceedings, closure is
necessary to preserve an overriding interest. *United States v. Simone*, 14 F.3d
833, 840 (3d Cir. 1994) (quoting *Press Enterprise Co. v. Superior Court of Calif.*,
464 U.S. 501, 510 (1984)). The District Court also must explain, on the record,
its reasons "for rejecting alternatives to closure." *United States v. Criden*, 675
F.2d 550, 561 (3d Cir. 1982). *See also United States v. Doe*, 63 F.3d 121 (2nd
Cir. 1995) (finding the courts must conduct four step process in deciding

2

motion for closure: (1) make specific findings concerning whether there is a substantial probability of prejudice to a compelling interest; (2) consider alternatives to closure; (3) if alternatives are lacking, address whether the prejudice overrides the First Amendment right of the public and press regarding access; and (4) to the extent closure is warranted, issue a narrowly tailored order); *United States v. Alcantara,* 396 F.3d 189, 191-92 (2d Cir. 2005) (recognizing that closed plea proceeding would be permissible if trial court followed proper notice requirements and made specific findings supporting closure on the record, but remanding plea proceedings to trial court after finding that trial court's sua sponte decision to close plea proceedings and hold them in robing room did not provide adequate notice to public and required specific findings to substantiate necessity of closure).

## FEDERAL RULES OF PROCEDURE

Local Civil Rule 5.2(10)(b) provides this Court with both the authority and procedure to close the courtroom and partially seal the corresponding docket.[1]  Local Civil Rule 5.2(10)(b) provides:

> Sealing of Criminal Documents.  A document subject to a sealing order or order of confidentiality must be submitted as a Paper Filing, in an envelope clearly marked "sealed," and shall be accompanied by a disk or CD-ROM containing the document in PDF for filing by the Clerk's Office.  A motion to file a document under seal may be filed electronically, unless prohibited by law.   The order of the Court authorizing the filing of documents under seal may be filed electronically, unless prohibited by law.  A paper copy of the sealing order must be attached to the documents under seal and be delivered to the Clerk.

Local Civil Rule 5.3 controls protective orders and public access under ECF.  Specifically, Local Civil Rule 5.3 governs "any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making."  The rule also governs any request "by a party or parties to seal, or otherwise restrict public access to, any judicial proceedings."

---

[1] Under Local Civil Rule 1.1(a), the local civil rules supplement the Federal Rules of Criminal Procedure as well as the Federal Rules of Civil Procedure, and apply in all proceedings to the extent the local rules are not inconsistent with the federal rules.

Local Civil Rule 5.3(c) provides the procedure to be followed concerning a motion to seal or otherwise restrict public access. The rule states in pertinent part that:

> (1) Any request by a party or parties to seal, or otherwise restrict public access to, any materials or judicial proceedings shall be made by formal motion pursuant to L. Civ. R. 7.1. Any such motion shall be filed electronically under the designation "motion to seal materials" or "motion to seal judicial proceedings," and shall be returnable on the next available return date.

> (2) Any motion to seal or otherwise restrict public access shall be available for review by the public. The motion papers shall describe (a) the nature of the materials or proceedings at issue,(b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. Proposed Findings of Fact and Conclusions of Law shall be submitted with the motion papers in the proposed order required by(c)(5) below. If the information required in this section is not within the knowledge of the movant, supplemental motion papers in support of the motion may be filed by a party, individual or entity having such knowledge not later than fourteen (14) days after the filing of the motion.

> (3) Any materials deemed confidential by a party or parties and submitted with regard to a motion to seal or otherwise restrict public access shall be filed electronically under the designation "confidential materials" and shall remain sealed until such time as the motion is decided, subject to Local Civil Rule 72.1(c)(1)(c). When a document filed under seal contains both confidential and non-confidential information, an unredacted version shall be filed underseal, and a version with only the confidential portions redacted shall be filed publicly.
> (4) Any interested person may move to intervene pursuant to Fed. R. Civ. P. 24 (b) before the return

4

date of any motion to seal or otherwise restrict public access.

(5) Any order or opinion on any motion to seal or otherwise restrict public access shall include findings on the factors set forth in (c)(2) above as well as other findings required by law and shall be filed electronically under the designation "order or opinion to seal." Such orders and opinions may be redacted. Unredacted orders and opinions may be filed under seal, either electronically or in other medium.

Additionally, Local Civil Rule 5.3 addresses the permissibility of sealing the docket itself. Under Local Civil Rule 5.3, "[n]o docket shall be sealed. However, entries on a docket may be sealed pursuant to the provisions of this rule." Hence, the Court can seal any and all entries but cannot seal the docket itself.

THE INSTANT MOTION

The United States through the instant motion seeks to have the Court close the courtroom at a future hearing and partially seal the docket. In support of this motion, the United States provides the following facts:

1. The charges in this case arise from an investigation of involving United States military technology

2.

3.

4.

5

5.

6.

7.

8.

9.     These facts demonstrate a substantial need to close the courtroom and
       partially seal the docket, and override the qualified First Amendment
       right of the public and press to access the proceedings and certain
       documents.

10.

        The Government is proposing restricting access in a narrowly tailored
manner.  In this regard, the Government is submitting redacted versions of this
brief and the proposed order.  In addition, the Government is requesting that
the Court only seal the hearings and seal or redact documents that, if
discovered, would seriously jeopardize an ongoing investigation.  Moreover, the
Government seeks to seal only the documents as long as necessary to protect
these interests.

        The Government submits that these facts demonstrate under the legal
standards set forth above an extraordinary situation with compelling
government and private interests which justify the sealing of an upcoming
hearing and the partial sealing of the corresponding docket.  The Government
further submits that the transcript of the hearing and other sealed documents
should remain sealed until the Government represents that it can continue the
national security investigations described above without substantial risk that

6

they will be compromised by the public docketing of the sealed pleadings that have been filed in this case.

CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court: (1) order that the Clerk's Office re-caption the case "United States v. John Doe;" (2) file the attached order instructing the Clerk's Office to: (a) re-caption the matter "United States v. John Doe;" and (b) seal the transcript of the upcoming hearing, and the documents submitted in connection with the hearing, this brief, and the proposed order, unless otherwise ordered by the Court; (3) file and not seal a redacted version of this brief, the Notice of Motion, and a redacted version of the proposed order on ECF, which are included herewith; (4) set a return date for the government's motion to close the courtroom and seal portions of the docket for Tuesday, May 27, 2014 to provide the press and public their due process notice; (5) hold a hearing, on the papers or in Court, in Your Honor's discretion, if another party seeks to intervene; and (6) grant the motion to seal the courtroom and certain entries in the corresponding docket following the hearing or after the return date.[2]

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

/s/ L. Judson Welle

BY:  L. JUDSON WELLE
Assistant United States Attorney

---

[2] Attached hereto is also a redacted and unredacted copy of a proposed order granting the motion.

7

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph A. Dickson |
| | : | |
| v. | : | Magistrate No. 14-6595 (JAD) |
| | : | |
| JOHN DOE | : | O R D E R # 2 (Redacted) |

This matter having come before the Court on the application of Paul
Fishman, United States Attorney for the District of New Jersey (by L. Judson
Welle, Assistant U.S. Attorney, appearing), for an order: (1) closing the courtroom
during future proceedings under Fed. R. Crim. P. Rule 5; and (2) sealing portions
of the corresponding docket; and the Court having considered the brief
submitted by the United States and those submitted by intervening parties, if
any; and for good cause shown,

IT IS THE FINDING OF THIS COURT that:



1.

2.

3.

4.

5.



6.

7.

8.

9. These facts demonstrate a substantial need to close the courtroom and partially seal the docket, and override the qualified First Amendment right of the public and press to access the proceedings and certain documents.

10.



11.

12. The Supreme Court has regularly recognized that the press and public have a qualified right of access to various proceedings in criminal cases. *Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980) ; *Press-Enterprise v. Superior Court of California*, 464 U.S. 501 (1984).

13. The right of access is not unconditional.

14.  The Court has provided reasonable notice of its intention to close the courtroom and partially seal the corresponding record.

15.  The Court has, as discussed above, considered alternatives to the relief sought and finds that there is no reasonable alternative to the restriction on public access.

16.  Based upon the facts set forth above, the Court finds that: (1) the United States has presented substantial and compelling interests that would be harmed if the relief sought was not granted; and (2) these interests, and the prejudices to these interests, override the interests in denying the relief and granting full access to the hearing and corresponding docket.

17.  The Court is narrowly tailoring this order in order to protect the public right to access.

18.  The Court has met the requisite standards set forth by the Third Circuit prior to restricting public access.  *United States v. Criden*, 675 F.2d 550, 554 (3d Cir. 1982); *United States v. Antar*, 38 F.3d 1348 (3d Cir. 1994); *United States v. Raffoul*, 826 F.2d 218 (3d Cir. 1987).

WHEREFORE, it is on this ___ day of May, 2014,

ORDERED that the motion is GRANTED; and it is further

ORDERED that the Court shall close the courtroom during the future proceedings under Fed. R. Crim. P. Rule 5 in this matter; and it is further

ORDERED that all documents in this matter, including but not limited to the transcript and minutes of the future proceedings under Fed. R. Crim. P. Rule 5, shall be filed under seal until otherwise ordered by the Court.  The Clerk's Office is hereby instructed to file these documents under seal with an ECF notation of "Sealed Document;" and it is further

ORDERED that the Court, in conjunction with the parties, shall redact the documents submitted in connection with the future proceedings under Fed. R.

Crim. P. Rule 5   to meet the goal of protecting the interests set forth above while still granting limited public access; and it is further

ORDERED that once the Court approves of a redacted version of a document the Court will order that the document be filed on ECF and listed as the document following the non-redacted (sealed) version of the document.


_____
HON. JOSEPH A. DICKSON
United States Magistrate Judge